IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| BRIAN JAMES AZURE, | ) | Cause No. CV 06-111-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| DAVID SONJU, | ) | |
| | ) | |
| Defendant. | ) | |

On June 29, 2006, Plaintiff Brian Azure moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983. Azure is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez*, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe pro se pleadings. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Azure's Allegations

Azure asserts that the Defendant, his probation officer, caused him to fail to register as a violent offender and that this failure resulted in a conviction under Mont. Code Ann. § 46-23-507 (2003) for failure to register.

## III. Analysis

Although the United States Supreme Court's recent decision in *Wallace v. Kato*, 127 S. Ct. 1091 (U.S. Feb. 21, 2007), has somewhat muddied the waters, Azure's action should be dismissed without prejudice and without service on the Defendant at this time pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal . . . or called into question by a federal

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

> court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (emphasis added).

The *Heck* rule applies whenever a plaintiff's success in a civil rights action would necessarily imply the invalidity of an extant conviction. *Heck*, 512 U.S. at 487; *see also Wallace*, 127 S. Ct. at 1098. To prevail in this action, Azure would have to prove that Sonju, not himself, was legally responsible for his failure to register as a violent offender. If that is true, then Azure would not have knowingly failed to register, *see* Mont. Code Ann. § 46-23-507, and his conviction would necessarily be invalid. Consequently, the *Heck* rule applies. This action must be dismissed without prejudice for failure to state a claim on which relief may be granted at this time.

However, Azure is advised that he may be able to refile this action if, in the future, his conviction is set aside on direct appeal, in federal habeas proceedings, or by other means. The *Wallace* Court declined to decide how much time a plaintiff would have to refile a § 1983 claim after a conviction is set aside. *See Wallace*, 127 S. Ct. at 1099 n.4. Though no one can provide any guidance on the point at this time, it is likely that the time will be short. Azure should therefore refile as soon as possible if his conviction is set aside.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

Azure's Complaint (doc. 1) should be DISMISSED WITHOUT PREJUDICE pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United

States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within ten (10) business days after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

<u>Plaintiff must immediately inform the Court of any change in his mailing address.</u>

DATED this 27th day of February, 2007.

Jeremiah C. Lynch
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4